IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16CV159

| | | |
|---|---|---|
| AMERICAN RELIABLE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| Vs. | ) ) | ORDER |
| FIVE BROTHERS MORTGAGE COMPANY AND SECURING, INC., | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court upon the parties' cross motions for summary judgment. Both motions have been fully briefed and are ripe for disposition.

**FACTUAL BACKGROUND**

This declaratory judgment action as filed by American Reliable Insurance Company ("Reliable") seeking a declaration that it owes no duty to defend or indemnify Defendant Five Brothers Mortgage Company and Securing, Inc. ("Five Brothers") in litigation pending in this federal district styled *RoundPoint Mortgage Servicing Corp. v. Five Brothers Mortgage Company Services and Securing, Inc*., Civil Action No. 3:15-cv-00559-RJC-DCK (the "RoundPoint Suit").

The facts in the case are undisputed but complex. Reliable issued two commercial general liability ("CGL") policies to D.A. Stuart ("Stuart"). Stuart worked as an independent contractor for Five Brothers. The CGL policies name Five Brothers as an additional insured in certain limited circumstances. Five Brothers entered into a contract with RoundPoint Mortgage Servicing Corporation ("RoundPoint") to provide property preservation and related services for

1

properties that secured loans serviced by RoundPoint. The Contract contained an indemnity clause in which Five Brothers agreed to indemnify RoundPoint for all losses, including attorneys' fees and costs, arising from any alleged act, error, or omission of Five Brothers or its employees, subcontractors, or independent contractors while performing services for RoundPoint. In February of 2013, RoundPoint requested that Five Brothers perform property preservation services for a property owned by Ms. Hayes (the "Hayes property") in Wilson, North Carolina. Five Brothers contracted with Stuart to provide these services at the Hayes property. As a result of Stuart's efforts to secure the property, Ms. Hayes ended up suing Stuart, Five Brothers, and RoundPoint, alleging nineteen causes of action against these defendants in various combinations (the "Hayes Suit"). The court in the Hayes suit entered summary judgment as to all claims except a trespass claim. Ms. Hayes ultimately entered into a settlement agreement with RoundPoint, Five Brothers, and Stuart.

In November of 2015, RoundPoint filed the RoundPoint Suit asserting a claim against Five Brothers for breach of contract, alleging that it seeks indemnity for losses it incurred to defend itself in the Hayes Suit against allegations by Ms. Hayes that Five Brothers trespassed on her property, as well as the losses it incurred to settle the claim in the Hayes Suit. Five Brothers then demanded defense and indemnification from Reliable based upon its alleged additional insured status. Subject to a reservation of rights, Reliable has provided a defense to Five Brothers in the RoundPoint Suit pursuant to Five Brothers' alleged status as an additional insured under Stuart's policies.[1]

On June 23, 2017, the court in the RoundPoint Suit entered an Order on RoundPoint's motion for summary judgment. *See RoundPoint Mortgage Servicing Corp. v. Five Brothers*

---

[1] Reliable does not concede that Five Brothers qualifies as an additional insured, but assumes that it does for purposes of its Motion for Summary Judgment.

*Mortgage Co. Services and Securing, Inc.*, 3:15-cv-00559-RJC-DCK, 2017 WL 2722304 (W.D.N.C. June 23, 2017) (slip copy). In its Order, the court notes that RoundPoint sent two demand letters to Five Brothers for indemnity in the Hayes Suit, but "Five Brothers refused to indemnify RoundPoint . . .." *Id*. at *3. The court further commented that RoundPoint and Five Brothers "dispute which party should pay for which legal fees pursuant to a contract between the two of them and the indemnification clause therein." *Id*. With that in mind, the court stated that the "heart of this dispute is not whether Five Brothers breached the Contract–even Five Brothers seems to admit that it owes some indemnification to RoundPoint–rather, the Parties disagree regarding which claims in the Hayes Litigation require indemnification . . .." *Id*. at *4.

While Five Brothers did not necessarily dispute that it owed some indemnification to RoundPoint, the court nevertheless provided an analysis and discussion regarding whether Five Brothers breached its contract with RoundPoint. The court stated that there "is no dispute as to whether there was an agreement and whether RoundPoint performed its duties under the Contract. Furthermore, it is clear that RoundPoint suffered damages if it was entitled to indemnification . . .." *Id*. The RoundPoint court concluded that "*Five Brothers has breached the indemnification clause and RoundPoint is entitled to damages as a matter of law*." *Id*. (emphasis added).[2]

Reliable seeks a declaratory judgment from this Court that it has no obligation to defend or indemnify Five Brothers with respect to the RoundPoint Suit. Both Reliable and Five Brothers have moved for summary judgment.

---

[2] The RoundPoint court granted in part and denied in part RoundPoint's Motion for Summary Judgment. A bench trial was held on July 18, 2017, but the court has yet to issue its ruling on damages.

3

**DISCUSSION**

Summary judgment is appropriate in those cases in which there is no genuine dispute as to a material fact, and in which it appears that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment should be granted in those cases "in which it is perfectly clear that no genuine issue of material fact remains unresolved and inquiry into the facts is unnecessary to clarify the application of the law." *Haavistola v. Comty. Fire Co. of Rising Sun, Inc.*, 6 F.3d 211, 214 (4th Cir. 1993). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991).

Insurance policies are construed in accordance with traditional rules of contract interpretation, so where the meaning of the policy is clear and only one reasonable interpretation exists the courts must enforce the contract as written. *Patrick v. Wake County Dep't of Human Servs.*, 655 S.E.2d 920, 924 (N.C. 2008). "As with all contracts, the object of construing an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued." *Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 612 (N.C. 2010) (citation and internal quotation marks omitted). The language of the policy "is the clearest indicator of the parties' intentions." *Metropolitan Prop. and Casualty Ins. Co. v. Lindquist*, 463 S.E.2d 574, 576 (N.C. 1995). Where the policy is unambiguous, "[i]t must be presumed the parties intended what the language used clearly expresses, and the [policy] must be construed to mean what on its face it purports to mean." *Hartford Acc. & Indemnity Co. v. Hood*, 40 S.E.2d 198, 201 (N.C. 1946) (internal citations omitted).

An insured bears the burden of "bringing itself within the insuring language of the policy." *Hobson Constr. Co.v. Great Am. Ins. Co*., 322 S.E.2d 632, 635 (N.C. Ct. App. 1984). Once an insured demonstrates that the insuring language embraces the particular claim or injury, the burden shifts to the insurer to prove that the policy excludes the particular injury from coverage. *Id*. "Exclusionary clauses are interpreted narrowly while coverage clauses are interpreted broadly to provide the greatest possible protection to the insured." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 350 S.E.2d 66, 71 (N.C. 1986).

In North Carolina, the pleadings control the duty to defend. *Waste Management of Carolinas, Inc. v. Peerless Insurance Company*, 340 S.E.2d 374, 377 (N.C. 1986). To that end, the North Carolina Supreme Court stated: "When the pleadings state facts demonstrating that the alleged injury is covered by the policy, then the insurer has a duty to defend, whether or not the insured is ultimately liable." *Id*. (citations omitted). Accordingly, North Carolina courts employ a "comparison test," reading the pleadings in the context of the policy language to determine whether the insurer had a coverage obligation, noting the well-established principle under North Carolina coverage law: "Any doubt as to coverage is to be resolved in favor of the insured." *Id*. at 378. (citations omitted). That being said, "if the facts are not even arguably covered by the policy, then the insurer has no duty to defend." *Id*. (citations omitted).

While the duty to defend relies on the factual allegations of the complaint, the duty to indemnify "is measured by the facts ultimately determined at trial." *Harleysville,* 692 S.E.2d at 610 (citations omitted). Thus, "in determining whether an insurer has a duty to indemnify, the facts as determined at trial are compared to the language of the insurance policy. If the insurance policy provides coverage for the facts as found by the trier of fact, then the insurer has a duty to indemnify." *Id*. at 611.

Reliable contends that it owes no duty to defend *or* indemnify Five Brothers because there are no allegations or findings of personal injury or property damage, and there are no allegations or findings that qualify as an "occurrence." Additionally, Reliable argues that the "expected or intended injury" exclusion serves to exclude coverage in this matter.

As noted above, the Court must first look to the language of the policy. Reliable's policy states that the insurance applies to "bodily injury" and "property damages" caused by an "occurrence." (Doc. No. 2 at p.5, Section I.1.b.(1)). The Policy further defines "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id*. at p. 17, Section V.3). "Property damages" is defined as,

> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it, or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

(*Id*. at p. 18, Section V.13).

The Court next looks to RoundPoint's allegations in its Complaint in the RoundPoint Suit. In that lawsuit, RoundPoint alleges that Five Brothers breached the indemnification clause in its contract with RoundPoint by failing to indemnify RoundPoint for monetary losses incurred in the Hayes Suit, including litigation costs and attorneys' fees, as well as amounts paid to Ms. Hayes to settle her claim. There are no allegations that RoundPoint has suffered any personal injury or property damages.

6

Five Brothers argues that because their obligation to perform under the indemnity contract with RoundPoint was "directly triggered" by Reliable's insured's (Mr. Stuart's) negligence, Reliable has a duty to defend and indemnify Five Brothers. In other words, Five Brothers contends that it is entitled to coverage for the RoundPoint Suit because of allegations of "property damage" in the Hayes Suit. The Court finds the case cited by Reliable, *Westfield Insurance Co. v. Nautilus Insurance Company*, 154 F.Supp.3d 259 (M.D.N.C. 2016), persuasive.

In *Westfield*, a water remediation company sued a general contractor for breach of contract for failure to pay an invoice. The general contractor tendered a demand as an additional insured to the carrier for the subcontractor whose alleged negligence caused the water intrusion that necessitated the services of the water remediation company. *Westfield*, 154 F.Supp.3d at 262. In response to the demand, the carrier noted that, while the general contractor was an additional insured, the claim asserted by the water remediation company was for the breach of contract and was not covered under the policy. *Id*. at 262–63.

After a settlement with the remediation company, the general contractor's carrier sought indemnification from the subcontractor's carrier for the settlement and defense costs via a declaratory judgment action. *Id*. at 263. Ruling on competing summary judgment motions, the court held that although the water remediation company's work was related to "property damage," the remediation company did not suffer "property damage," and therefore was not seeking damages because of property damage. *Id.* at 267. Instead, the damages it sought arose out of the general contractor's non-accidental failure to honor its contractual obligations (i.e. pure economic loss) by failing to pay for services rendered. In sum, the court held that the suit was for losses that did not constitute "property damage" caused by an "occurrence" to trigger a duty to defend. *Id*. at 267– 268 (citations omitted). In other words, while the original contract

7

between the remediation company and the general contractor could be "traced to the property damage," the "subsequent breach of contract represents a separate and independent act severing the causal connection with the [property damage]." *Id*. at 271.

As in the *Westfield* case, RoundPoint's underlying complaint for breach of contract is not "property damage." RoundPoint is not seeking damages because of property damages. RoundPoint is seeking damages arising out of Five Brothers' "non-accidental failure to honor its contractual obligations," which are purely economic losses. *See Id.* at 267.

Because the underlying suit does not state claims for "personal injury" or "property damage," Reliable has no duty to defend Five Brothers. Similarly, there is no finding of fact amounting to "personal injury" or "property damage" in the RoundPoint court's order. With these facts, the plain language of Reliable's Policy does not provide defense coverage to Five Brothers.

As noted above, Reliable's policy states the insurance applies to "bodily injury" and "property damages" caused by an "occurrence." (Doc. No. 2 at p.5, Section I.1.b.(1)). Reliable also argues that the claim for breach of contract set forth in the RoundPoint Suit does not allege an "occurrence" and the court's findings do not constitute an "occurrence," and thus there is no coverage under the Policy. The Court need not address this argument, as the Court had already determined that the allegations and findings in the RoundPoint Suit do not amount to "property damage" or "personal injury," and thus there is no duty to defend or indemnify.

Lastly, Reliable contends that the RoundPoint Suit falls within its policy exclusion for "expected or intended" injuries. While the Court finds it likewise unnecessary to address this argument the Court will nevertheless briefly discuss the exclusionary language in the policy.

The Reliable Policy excludes from coverage "bodily injury" or "property damage" that is "expected or intended from the standpoint of the insured." (Doc. No. 2 at p. 6, Section I.2.a).

In the RoundPoint Suit, RoundPoint alleges that due to Five Brothers' breach of an indemnity contract, RoundPoint suffered damages in the form of a settlement payment and attorneys' fees. The conduct of Five Brothers was intentional, not accidental, as it relates to the breach of contract. Five Brothers breached its contract and RoundPoint suffered damages as a result. The foreseeable and expected result of refusing to indemnify a party pursuant to a contract is that said party will incur attorneys' fees and costs. Accordingly, the Court finds that the RoundPoint Suit is excluded from coverage pursuant to the language of the Policy.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion for Summary Judgment is hereby GRANTED and Defendant's Motion for Summary Judgment is hereby DENIED.

Signed: January 23, 2018

Graham C. Mullen
United States District Judge